# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
|---|---|---|---|
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Petitioner:  Attorneys Present for Respondent:

n/a  n/a

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Time-Barred and as Second or Successive**

On August 24, 2018, petitioner Darrick Armand Booker filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges the sentence he received in 2005 in the San Bernardino County Superior Court on his convictions for assault of a child and murder. In particular, petitioner contends the sentence was unauthorized because the jury was given erroneous instructions and he did not receive any pre-sentence good conduct credit; the jury convicted him after being instructed under the felony murder theory using vague terms; the restitution order was unconstitutional; he received ineffective assistance of counsel because counsel did not raise the issues raised in the instant Petition; and the trial court erred in instructing the jury on reasonable doubt.

This court having reviewed the Petition, it appears that the Petition is subject to dismissal for two reasons. First, the Petition appears to be untimely, just as petitioner's prior petition filed in this court challenging the same judgment was found to be untimely. And second, even if not untimely, it appears to be barred as a second or successive petition without the requisite Court of Appeals authorization. The court will not make a final determination regarding whether the instant federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **September 27, 2018**. The court further directs petitioner to review the information that follows, which provides additional explanation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
|---|---|---|---|
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## **AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In case number ED CV 11-376, petitioner filed a habeas petition in this court, challenging the same judgment he challenges in the instant Petition. This court found the judgment became final on December 24, 2007. Even after statutory tolling was taken into account, this court found the one-year AEDPA limitation period expired on June 2, 2009.

Nothing has materially changed since this court's decision in petitioner's prior case. The Petition indicates one of petitioner's claims here – that his second degree murder conviction must be reversed because the jury was given unconstitutionally vague felony murder instructions – is based on *Johnson v. United States*, __ U.S. __, 135 S. Ct 2551, 192 L. Ed. 2d 569 (2015). Thus, petitioner may contend *Johnson* entitles him to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C). But *Johnson* does not apply here.

In *Johnson*, the Supreme Court addressed the question of whether a sentence enhancement imposed under the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2555. ACCA increased a sentence for defendants with three or more convictions for a serious drug offense or violent felony, which was defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)) (internal quotation marks omitted). The Supreme Court held that the residual clause of the definition of "violent felony" – the italicized portion above – violated the "well-recognized" prohibition of vagueness in criminal statutes. *Id.* at 2556-57. The Supreme Court's based its decision on the language of ACCA as a whole and the residual clause specifically, and the difficulty courts had interpreting the residual clause over a nine-year period. *See id.* at 2257-2560; *see also Welch v. U.S.*, __ U.S. __, 136 S. Ct. 1257, 1261, 1268, 194 L. Ed. 2d 387 (2016) (holding that *Johnson* applies retroactively to cases on collateral review). Although *Johnson* is retroactive to cases on collateral review, it did not recognize a new and broad constitutional right. *See Welch*, 136 S. Ct. at 1265. Instead, the holding was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
|---|---|---|---|
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

narrow – it simply found the residual clause of ACCA unconstitutional under the void for vagueness doctrine.

Petitioner was convicted of second degree murder under California law, which is not only a completely different statute but also does not contain language equivalent to the ACCA residual clause at issue in *Johnson*. In California, murder is defined as "the unlawful killing of a human being, or a fetus, with malice aforethought." Cal. Penal Code § 187(a). Murder is divided into first degree and second degree. *People v. Chun*, 45 Cal. 4th 1172, 1182, 91 Cal. Rptr. 3d 106, 203 P.3d 425 (2009). First degree murder is a willful, deliberate, and premeditated killing, one committed during the commission of an enumerated list of felonies, or involving a list of circumstances. *Id*.; Cal. Penal Code § 189. "All other kinds of murders are of the second degree." Cal. Penal Code § 189.

Nothing about the *Johnson* decision applies to petitioner's second degree murder conviction. The void-for-vagueness doctrine was of course well recognized prior to *Johnson*. Because *Johnson* was so narrow and based on the specific language in the ACCA residual clause, *Johnson* cannot be read as recognizing a new constitutional right applicable to petitioner, who was convicted and sentenced under a different statute that does not have language equivalent to that found unconstitutionally vague in the ACCA residual clause. Because *Johnson* is inapplicable here, it provides no basis for a later start date of the applicable AEDPA limitation period under § 2244(d)(1)(C). Indeed, other federal courts have likewise concluded *Johnson* "does not qualify as a triggering event under 28 U.S.C. § 2244(d)(1)(C)" for challenges to second degree murder convictions under California law. *Carney v. Hatton*, 2018 WL 2298597, at *1 (N.D. Cal. May 21, 2018) (collecting cases).

Petitioner is not therefore not entitled to an alternative start date due to *Johnson*. And even if he were, *Johnson* was decided on June 26, 2015. Had the limitation period started anew on that date, it would have expired one year later on June 26, 2016, more than two years before petitioner filed the instant Petition.

Because the same limitations period applies in this case as in case number ED CV 11-376, the instant Petition filed on August 24, 2018 appears to be untimely by more than nine years. As such, the Petition is subject to dismissal as time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
|---|---|---|---|
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

## Second or Successive Petitions

As just noted, in case number ED CV 11-376, this court dismissed with prejudice petitioner's prior petitioner challenging the same judgment challenged in this case because the prior petition was untimely. A prior petition dismissed for failure to comply with the statute of limitations renders a subsequent petition challenging the same conviction second or successive for purposes of § 2244(b), and therefore subject to dismissal. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see* 28 U.S.C. § 2244(b).

Under § 2244(b)(2), any claim raised in a successive petition but not presented in a prior petition must be dismissed unless:
(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2). If the petitioner meets either of the above exceptions, he must obtain an order by a panel of the appropriate Court of Appeals, authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

As discussed above, petitioner here indicates one of his claims is based on the Supreme Court's decision in *Johnson*; however, as also discussed above, *Johnson* is in fact inapplicable here. And even if it were applicable such that the exception in § 2244(b)(2)(A) were met, the instant Petition would still be impermissibly successive because there is no indication petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A). Accordingly, at a minimum, the Petition appears barred by § 2244(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1799-JLS (SP) | Date | August 30, 2018 |
|---|---|---|---|
| Title | DARRICK ARMAND BOOKER v. DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |

## **Petitioner's Options**

If petitioner contends that: (1) his Petition is timely under AEDPA; and (2) his claim meets one of the exceptions in 28 U.S.C. § 2244(b)(2), and he has obtained permission from the Ninth Circuit to file a successive petition as required by § 2244(b)(3)(A), he should clearly explain all of this in a written response to this Order to Show Cause. The written response must be filed on or before **September 27, 2018**. Petitioner should attach to his response copies of any documents supporting his contentions.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already. Such dismissal request must also be filed on or before **September 27, 2018**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed as time-barred, as impermissibly successive, for failure to prosecute, and/or for failure to obey court orders.**